IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEROME HOWARD, K68777,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiff,　　)
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Case No. 23-cv-3776-DWD
ANGELA CRAIN,　　　　　　　　　　　)
WEXFORD HEALTH SOURCE,　　　　　　)
WILLIS,[1]　　　　　　　　　　　　　)
JOHN DOE,　　　　　　　　　　　　　)
JANE DOE,　　　　　　　　　　　　　)
DEARMOND,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendants.　　)

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Jerome Howard, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that the Defendants denied him medical care when they did not provide him with appropriate doses of pain medication after he had surgery on his right hand/wrist in 2022.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

---

[1] The Clerk of Court is **DIRECTED** to correct CM/ECF to show Defendant Willis as Defendant Wills—it appears that Plaintiff's complaint contains two spellings—Wills and Willis—but from familiarity with litigation at Menard, the Court believes the Warden to be Wills.

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff began to have problems with his right hand/wrist in 2021. Eventually, he was sent to outside providers, and he was scheduled for a surgical procedure. (Doc. 1 at 11). On September 14, 2022, Plaintiff had a right carpal tunnel release and a right wrist mass excision. (Doc. 1 at 11). He was prescribed tramadol for his pain, which was to be given once in the morning and once at night. Plaintiff was discharged from the prison's medical unit on September 15, 2022, and at that point he began to only receive his medication at night, but not in the mornings. Plaintiff informed the healthcare unit of his need for the pain medication to be dispensed as prescribed, but writing the healthcare unit did not help. He alleges that based on his writing, Defendant Angela Crain (the healthcare unit administrator) knew or should have know that he was not receiving needed care and opted not to correct the problem. He further states that Crain was responsible for managing the healthcare unit and implementing policies to manage it, so she is responsible for a failure in medication administration. Plaintiff also alleges that Defendant Dearmond (a nurse practitioner) prescribed his medication when he

returned from surgery, he wrote her about missed doses, and she knew or should have known of the medication issue but did not assist him.

In addition to Dearmond and Crain, Plaintiff alleges that each day from September 16-20, 2022, he told the John Doe (the first shift sergeant in the North upper cellhouse) about his ongoing pain and the misadministration of his medication, but John Doe refused to offer assistance.  Plaintiff also alleges that he told the "Jane Doe" "nurse/med tech" of his medication issues each morning during cellhouse medication rounds.  It is not entirely clear if the Jane Doe refers to a single individual, or if it refers to a rotating group of individuals.  He alleges that this person/these people refused to assist him.

On September 19, 2022, Plaintiff wrote an emergency grievance about the lack of his medications, which Defendant Wills deemed an emergency on September 21, 2022. (Doc. 1 at 16-17).  Plaintiff alleges that the grievance put Wills on notice of his need for care, and that Wills "took no action," or "turned a blind eye" to his serious medical need. (Doc. 1 at 12).

Plaintiff also names Wexford Health Source as a defendant, and he alleges that Wexford "has a practice in place amongst its staff where it prolongs and denies access to medical care to inmate, so Wexford can save money."  (Doc. 1 at 13).

Plaintiff seeks compensatory and punitive damages, as well as an injunction preventing any future deprivations of his rights.  (Doc. 1 at 15).  In support of his complaint, Plaintiff tendered his emergency grievance, and medical records.  The grievance was deemed an emergency on September 21, 2022, by Defendant Wills, and it was transmitted to the grievance office for processing.  On October 11, 2022, Defendant

Angela Crain prepared a memo for the grievance officer on Plaintiff's allegations. Crain confirmed that per medical administration records (MAR), Plaintiff received a morning dose of his pain medication on September 15, 2022, but he did not receive morning doses again until September 21, 2022. (Doc. 1 at 19). Based on Crain's memorandum, the grievance officer and the Warden affirmed Plaintiff's grievance. (Doc. 1 at 18). The Administrative Review Board also affirmed the grievance and directed Menard staff to review administrative directives on control of medication. (Doc. 1 at 20).

Based on the allegations in the Complaint, the Court will designate the following claims:

**Count 1:** **Eighth Amendment deliberate indifference claim against Defendants Crain, Dearmond, Jane Doe for denying Plaintiff his prescribed pain medications in the morning from September 15, 2022-September 21, 2022;**

**Count 2:** **Eighth Amendment deliberate indifference claim against John Doe sergeant for refusing to assist Plaintiff in securing his medications;**

**Count 3:** **Eighth Amendment claim against Warden Wills for his response to Plaintiff's grievance about his missed medication doses;**

**Count 4:** ***Monell* claim against Wexford for maintaining a policy that promotes delaying treatment to save money.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

### Claim 1

Plaintiff alleges that he missed his morning pain medication for 3-4 days after wrist surgery. He attempted to notify the medical unit of his missed doses to no avail. He alleges that Defendants Crain and Dearmond either knew via his communications, or should have known, that he was not receiving the medication as prescribed, and that he was suffering in pain. Not all missed doses of medication rise to the level of an Eighth Amendment violation but at this preliminary juncture, the allegations are sufficient to proceed. *See e.g., Cherry v. Alsteen*, 858 Fed. App'x 189, 191-92 (7th Cir. 2021) (a missed dose of medication that resulted in hours of needless suffering in pain may rise to the level of an Eighth Amendment violation if plaintiff can establish deliberate indifference by an individual actor). Plaintiff will be allowed to proceed against Crain and Dearmond at this juncture on the premise that he notified them via written communication that he was in pain and was missing doses of his prescribed post-surgical medication, but they did not assist him.

However, to the extent that Plaintiff alleges Defendant Crain should be held liable solely because she held a supervisory role over the medical unit, this allegation is insufficient because there is no respondeat superior liability under § 1983.

As to the Jane Doe defendant or defendants, Plaintiff certainly may have a claim against this individual or these individuals for ignoring his requests for his prescribed

pain medication during medication rounds, but he has not provided sufficient information to personally identify these potential defendants because it is unclear if he is talking about just one nurse he saw every day, or if he is talking about three or four different individuals. Section 1983 liability relies on personal responsibility for discrete actions, so specificity is key. To proceed against "Doe" defendants, the Court would at least need to be able to discern how many individuals must be identified.

## Claim 2

Plaintiff alleges that John Doe sergeant was a first shift sergeant from September 16-20, 2022, in the North uppers cellhouse. Each day, Plaintiff informed John Doe that he had not received his morning doses of his prescribed medication and that he was suffering in pain, but John Doe sergeant refused to assist him. At this early juncture, these allegations are sufficient to proceed, so the Warden of Menard will be served in this case to assist with identifying John Doe sergeant.

## Claim 3

Plaintiff alleges that Defendant Wills should be held responsible for his missed medication doses because he sent him an emergency grievance about the issue. While a prison official can be held liable in some circumstances for turning a blind eye to an inmate's plight, there is no evidence that Wills turned a blind eye here. In fact, Plaintiff's own exhibits show that Wills deemed Plaintiff's grievance an emergency on September 21, 2022, which expedites the processing of the grievance, and on the same day that the grievance was expedited, Plaintiff's medication issue was resolved. (Doc. 1 at 16-19). By the time Wills signed off on the fully processed grievance, Plaintiff's medication has been

restored.  Based on these facts, Plaintiff cannot maintain that Wills turned a blind eye or could have done more to assist him.

<u>Claim 4</u>

Plaintiff further alleges that his medication dosage problems were caused by Wexford's policy of delaying care to save money.  Wexford is a private corporation that cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself.  *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).  Thus, under *Monell*, for Plaintiff to recover from Wexford, he must show that the alleged constitutional violation was caused by: (1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking authority.  *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021).  *Monell* claims are difficult to prove, and a key component of a *Monell* claim is a causal link between the identified policy and the injury sustained. A plaintiff must show that "Wexford itself directly caused the constitutional violation." *Dean*, 18 F.4th at 239.  "The rigorous causation standard requires a direct causal link between the challenged municipal action and the violation of the plaintiff's constitutional rights."  *Id.* at 236 (internal citations omitted).

Here, Plaintiff's allegation against Wexford is threadbare and has no apparent tie to the issue he encountered with his medication.  He does nothing to explain how

Wexford was aware of or involved in his medication delays. Accordingly, his claim against Wexford is dismissed as insufficient.

### Motion for Recruitment of Counsel

Plaintiff has moved for recruited counsel (Doc. 3). In his motion he alleges that he as a high school education, but he needs assistance with his case because he does not have any knowledge of civil litigation. (Doc. 3 at 2). He also avers that he has made efforts to contact at least eight attorneys, but he has not secured his own counsel. (Doc. 3 at 7-8). Plaintiff also included a memorandum in support of his request for counsel wherein he explained his concerns about the complexity of his case. There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has clearly attempted to retain his own counsel, but this is not the end of the inquiry. At this very early juncture, Plaintiff has done a sufficient job presenting his claims, and the next stages will involve the exchange of basic information and will not yet include any of the complex tasks for which Plaintiff expressed concern in his supporting memorandum. Based on the early status of this litigation, the Court will deny Plaintiff's motion without prejudice.

**John Doe sergeant**

As explained above, Claim 2 may proceed against John Doe sergeant, and the Warden of Menard (Anthony Wills) will be served in his official capacity only to assist Plaintiff with identifying John Doe sergeant.  Anthony Wills will not be required to file a formal answer in this case.

Plaintiff is **DIRECTED** within 21 days of this Order to file a Notice containing any additional information he has about the identify of John Doe sergeant, including but not limited to: physical description(s), specific job assignment(s), partial name(s)/nickname(s), and locations and dates where Plaintiff interacted with the John Doe(s).

As soon as Warden Wills returns an executed waiver of service and counsel appears on his behalf, counsel is **DIRECTED** to produce to Plaintiff the identity of the John Doe(s) or, if Defendant is unable to make a specific identification, any document or information which would assist in the identification of the John Doe(s); Defendant is not required to produce photographs of employees or inmates.  Counsel shall complete this step **within 21 days of entering his or her appearance**.

Plaintiff shall have until **March 4, 2024, to file a motion to substitute** specific Defendant(s) for the John Doe(s) or, if the John Doe(s) remain unidentified, to file a motion specifying additional steps that can be taken to identify the John Doe(s). **Failure to file a motion to substitute by this date will result in the dismissal of the John Doe(s) without prejudice.**

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives against Defendants Angela Crain and Dearmond, **and Claim 2** survives against Defendant John Doe sergeant.  By contrast, **Claim 1** is dismissed as insufficient against Jane Doe, **Claim 3** is dismissed as insufficient against Anthony Wills, and **Claim 4** is dismissed against Wexford Health Sources.  The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants Jane Doe and Wexford Health Sources because no claims remain against these parties.

The Clerk of Court is **DIRECTED** to prepare for Defendants: Angela Crain, Dearmond, and Anthony Wills (official capacity only to help identify John Doe sergeant): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation

of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

Plaintiff's Motion for Counsel (Doc. 3) is **DENIED** without prejudice.

Plaintiff is **DIRECTED** to file a Notice about John Doe sergeant's identity with the Court by January 25, 2024.  Warden Wills is **DIRECTED** to respond to Plaintiff's Notice and Complaint concerning John Doe sergeant within **21 days of entering an appearance,**

**or within 21 days of Plaintiff's Notice** (whichever date comes first).  Plaintiff must move to substitute a named party for John Doe sergeant by **March 4, 2024**.

The Clerk of Court is **DIRECTED** to update the docket sheet consistent with footnote 1.

**IT IS SO ORDERED.**

Dated: January 30, 2024                              /s *David W. Dugan*
                                                     _____
                                                     DAVID W. DUGAN
                                                     United States District Judge


NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.


The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.